# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 11, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANK MAYER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0162**  (BOR Appeal No. 2047632)
(Claim No. 2003019423)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**AURORA ACQUISITION CORPORATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Frank Mayer, by E. William Harvit, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 25, 2013, in which the Board affirmed a September 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 13, 2011, decision granting Mr. Mayer an additional 10% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Mayer developed shortness of breath in the mid-1990s while employed at Clarksburg Casket. In the course of his employment, he performed various functions including building new caskets and repairing damaged caskets. His claim for workers' compensation benefits was subsequently held compensable for occupational asthma. On June 16, 2011, Dominic Gaziano, M.D., performed an independent medical evaluation. He found that Mr. Mayer sustained 35% whole person as a result of occupational asthma. On July 13, 2011, the claims administrator granted Mr. Mayer an additional 10% permanent partial disability award. It appears that Mr. Mayer has previously received a 25% permanent partial disability award for occupational asthma, although that decision is not contained in the evidentiary record. On July 28, 2011, Edward Petsonk, M.D., Mr. Mayer's treating physician, reviewed Dr. Gaziano's independent medical evaluation. He disagreed with Dr. Gaziano's opinion and determined that Mr. Mayer sustained 55% whole person impairment as a result of occupational asthma. On March 6, 2012, Gregory Fino, M.D., performed a records review and determined that Mr. Mayer sustained 26% whole person impairment as a result of occupational asthma. He noted that he utilized only the most recent bronchodilator study when assessing the degree of Mr. Mayer's permanent impairment, but stated that Dr. Gaziano's recommendation of 35% whole person impairment is reasonable if earlier bronchodilator studies are taken into consideration. Dr. Fino opined that he is unsure how Dr. Petsonk arrived at a recommendation of 55% whole person impairment. On March 26, 2012, Dr. Petsonk authored a report in which he stated that his prior recommendations were based on Mr. Mayer's objectively documented respiratory condition over the course of his treatment.

In its decision affirming the claims administrator's July 13, 2011, decision, the Office of Judges held that Mr. Mayer has demonstrated that he has 35% whole person impairment as a result of occupational asthma. Mr. Mayer disputes this finding and asserts that he is entitled to a permanent partial disability award totaling 55%, per the opinion of Dr. Petsonk.

The Office of Judges noted that Dr. Petsonk found that Mr. Mayer sustained significantly more permanent impairment than the other physicians of record. The Office of Judges then found that Dr. Petsonk's conclusions are not persuasive. The Office of Judges further found that the conclusions of Dr. Gaziano and Dr. Fino are entitled to equal evidentiary weight and are equally persuasive, particularly in light of Dr. Fino's discussion indicating that Dr. Gaziano's impairment recommendation is plausible. The Office of Judges then adopted the opinion most favorable to Mr. Mayer, namely Dr. Gaziano's finding of 35% whole person impairment. The Board of Review reached the same reasoned conclusions in its decision of January 25, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 11, 2014**

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II